UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

Case No.:

ROBERT K. KRISAK,

    Plaintiff,

vs.

KCI TECHNOLOGIES, INC., a foreign corporation,

    Defendant.
_____/

## Complaint

### Count I:  Fair Labor Standards Act Retaliation

Plaintiff, Robert K. Krisak, sues Defendant, KCI Technologies, Inc. ("KCI"), and shows:

### Introduction and Summary

1.    KCI Technologies, Inc., a Maryland-based architectural, engineering and construction-management conglomerate, hired Robert K. Krisak December 31, 2018, as the Practice Leader of its Fort Lauderdale Survey Practice.  This was part of KCI's acquisition of Keith and Schnars, P.A., for which Mr. Krisak had worked for more than 39 years and of which he was at the time a vice president.  It fired him August 16, 2019 — 65 days after he informed KCI's upper management that his second and third level

supervisors had ordered him to require survey-crew employees to work off-the-clock to remedy any deficits in their data gathering, which Mr. Krisak complained to upper management would have violated the Fair Labor Standards Act ("FLSA").  Mr. Krisak has suffered since his termination both lost wages and benefits and emotional distress.  Mr. Krisak sues for damages, including liquidated damages, pursuant to the FLSA, and for damages under the Florida private-sector whistle-blower's act, §§ 448.101, et seq., FLA. STAT.  He seeks under each of the two statutes prospective relief, attorney's fees and litigation expenses.

## Jurisdiction, Venue and Parties

2.  This is an action retaliation brought pursuant to parallel provisions of the Fair Labor Standards Act, 29 U.S.C. § 215, and Florida's private-sector whistle-blower act, §§ 448.101, et seq.  This Court has jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b); it has supplemental jurisdiction over the state claims arising out of the same nucleus of operative facts under 28 U.S.C. § 1367.

3.  Venue is proper in the Fort Lauderdale Division of the Southern District because Broward County is where the cause of action accrued.

4.  Plaintiff, Robert K. Krisak, is a former vice president of Keith & Schnars, P.A., whom KCI hired as part of its acquisition of Keith & Schnars.

5.  Defendant, KCI Technologies, Inc. ("KCI") is a Delaware corporation with its principal place of business in Maryland engaged in, inter alia, architecture, engineering and land surveying.

## General Allegations

- **Relevant contractual provisions**

6. Mr. Krisak and KCI on or about December 31, 2018, entered into an Employment Agreement for Mr. Krisak as the Practice Leader of Surveying in the Fort Lauderdale office at an annual salary of $130,000, plus a bonus and employee benefits.

7. Although the Employment Agreement was for two years, it permitted KCI to terminate Mr. Krisak's employment without cause, if done so by KCI's Chief Operating Officer, President, Chief Executive Officer or Board of Directors and with payment of eight weeks of base salary.

- **Termination, enhanced severance and request for a release**

8. KCI terminated Mr. Krisak's employment on or about August 16, 2019.

9. When it fired Mr. Krisak, KCI offered him not only the eight weeks of salary specified in the Employment Agreement for a "without-cause" termination, but also a continuation of his and his wife's health insurance through December 31, 2019 — but only if he would not only agree to confidentiality but would also execute a general release.

10. At the time of the KCI's severance offer, Mr. Krisak had neither threatened to make any claim against KCI nor engaged in any negotiations with it concerning his separation.

- **Statutorily protected activity preceding the termination**

11. Mr. Krisak's termination occurred only 65 days after he — reasonably believing that his second- and third-level supervisors were ordering him to violate 29 U.S.C. § 207 — caused his attorney to write to Nathan J. Beil, P.E., KCI's Chief Executive Officer and President, and Christopher J. Griffith, P.E., its Chief Operating Officer and Executive Vice President, to bring to their attention "an illegal order from the upper management of KCI's Survey Practice… to improve productivity and cut costs… by flagrantly violating the overtime provisions of the Fair Labor Standards Act."

12. The letter stated that

   Charles A. (Chuck) Phillips, a Senior Vice President and Facilities Market Leader, and H. Tate Jones, a Vice President and Regional Practice Leader within KCI's southeast survey practice, have instructed Mr. Krisak that if a survey crew were to come back from a project without all of the necessary data to produce a survey, its crew members would be given a choice:  return to the job site, off the clock, and gather the missing data, or be fired.

13. The letter pointed out that "[s]ince KCI's Fort Lauderdale survey teams work on a 40-hour schedule, such an order would require survey-crew members to work beyond 40 hours a week without being paid overtime," which "would without doubt violate both the civil and criminal overtime provisions of the [FLSA]."

14. When Messrs. Phillips and Jones had told Mr. Krisak to do this during a May 30 telephone conversation, during which they also told him that this was KCI's practice throughout all of its survey operations, he was so taken aback that he e-mailed them, along with his direct supervisor, Jim Gellenthin, at 10:52 a.m. to seek confirmation:

> To recap one of our discussions this morning, please confirm that in the event a field crew, after explicit instructions, does not perform the task assigned (returning to the office with missing data, inaccurate data) [it] can be sent back in the field on their own time to pick up the data in question.  If they refuse they can be subject to termination.  Again, please confirm.  Thank you.

15. Mr. Phillips responded within two minutes:  "You are correct, consider it confirmed."

16. Mr. Jones followed up more expansively at 2:10 p.m., harkening back to his history as the get-tough president and chief executive officer of LandAir Surveying, a Georgia-based company that KCI acquired in 2017:

> This is what I had to do many years ago.  I brought them all in a room including everybody in survey and told them that exact thing.  If they are unable or unwilling to do the work required they can be immediately terminated.  I think you will fine (sic) most will get the work done and others will go to work somewhere or you can get rid of them.  If you are consistent the culture will change and they will bet (sic) it done.

- **Retaliation**

17. Although Stephanie Barrows, KCI's Director of Human Resources, contacted Mr. Krisak the following day to thank him for the information and to say that she would follow up on it, and Elizabeth Torphy-Donzella, Esquire, an attorney representing KCI wrote to Mr. Krisak's lawyer June 20 to say how "KCI has a sincere commitment to complying with all laws, including the Fair Labor Standards Act, and therefore welcomes the opportunity to take corrective measure if necessary and ensure that all employees and management officials understand the applicable rules," the reaction within the Survey Practice was less sanguine:

      a.    Mr. Jones, the Regional Practice Leader, visited the Fort Lauderdale office June 27, 2019, and began questioning Mr. Krisak's administrative assistant, Kelly Stout, about whether Mr. Krisak was displaying a lack of interest in his job;

      b.    Mr. Phillips told Mr. Krisak August 16 that KCI had "decided to go in a different direction," and that he was being fired — notwithstanding that he had exceeded the production goals given to him by Messrs. Phillips and Jones in May for both June and (even more so) July.

18.    The anti-retaliation provision Fair Labor Standards Act, at 29 U.S.C. § 215(a)(3), forbids employers

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the Act], or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee[,]

which has been held to protect oral complaints about FLSA violations.

19.    The temporal proximity of Mr. Krisak's termination to his complaints to upper management that his immediate management was insisting that he violate the Fair Labor Standards Act is sufficient to permit a finder of fact to reasonably infer that he was fired because of that complaint.

20.    As a direct, natural, proximate and foreseeable result of Mr. Krisak's retaliatory termination, he has suffered lost wages.

21.    KCI's violation of § 215(a)(3) entitles Mr. Krisak to such legal or equitable relief as may be appropriate to effectuate the purposes of the FLSA, including reinstatement and the payment of wages lost and an additional equal amount as liquidated damages.

22. KCI acted toward Mr. Krisak either affirmatively knowing that it was illegal under the FLSA to terminate Mr. Krisak in retaliation for his complaints about instructions from his supervisors to violate the Act's overtime provisions, or in reckless disregard of whether his retaliatory firing would violate the FLSA's anti-retaliation provisions, entitling Mr. Krisak to collect liquidated damages.

23. Mr. Krisak is additionally entitled under 29 U.S.C. 216(b) to recover a reasonable attorney's fee and the costs of this action.

WHEREFORE, the plaintiff, Robert K. Krisak, prays that this Court will:

*One*, find that KCI Technologies, Inc., terminated Mr. Krisak in violation of 29 U.S.C. § 215(a)(3), and did so willfully;

*Two*, award Mr. Krisak his lost wages and an additional equal amount as liquidated damages,

*Three*, reinstate Mr. Krisak's employment, or if that is not effective as a make-whole remedy, award him from pay until his Social Security retirement date;

*Four*, award Mr. Krisak his attorney's fees and the costs of this litigation, and

*Five*, grant such other and further relief as is just.

**Count II:  Florida's Private-Sector Whistle-blower's Act Retaliation**

24. Plaintiff, Robert K. Krisak, realleges and adopts, as if fully set forth in Count II, the allegations of ¶¶ 1-17 and 19-20.

25. Mr. Krisak was at all times material prior to his being terminated June 19, 2019, an "employee" of KCI as defined by § 448.101(3), FLA. STAT.

26. KCI is an "employer" as defined by § 448.101(3), FLA. STAT.

27. The overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, constitute a "[l]aw, rule, or regulation," as defined by § 448.101(4), FLA. STAT.

28. Mr. Krisak's behavior as more particularly alleged in ¶¶ 10, 11 and 12 — engaging a lawyer to write to KCI's chief executive officer and president and its chief operating officer and executive vice president to advise them that Messrs. Phillips and Jones were ordering him to violate 29 U.S.C. § 207 — constituted his "[o]bject[ing] to, or refus[ing] to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation," as envisioned by 448.102(3), FLA. STAT.

29. Mr. Phillips's firing Mr. Krisak August 16, 2019, constituted a "[r]etaliatory personnel action" as defined by § 488.101(5), FLA. STAT.

30. As a direct, natural, proximate and foreseeable result of Mr. Krisak's retaliatory termination, he has suffered lost wages, injury to his reputation, a diminution of his earning capacity and associated embarrassment and emotional distress.

31. Pursuant to § 488.104, FLA. STAT., Mr. Krisak is entitled to recover his attorney's fees, court costs and litigation expenses.

WHEREFORE, the plaintiff, Robert K. Krisak, prays that this Court will:

*One*, find that KCI Technologies, Inc., terminated Mr. Krisak in violation of § 448.102(3), FLA. STAT.;

*Two*, issue and injunction restraining continued violation of §§ 448.101, et seq., FLA. STAT., by KCI Technologies, Inc.;

*Three*, reinstate Mr. Krisak to the same position held before the retaliatory personnel action, or to an equivalent position;

*Four*, reinstate Mr. Krisak's full fringe benefits and seniority rights;

*Five*, award Mr. Krisak compensation for lost wages, benefits, and other remuneration;

*Six*, award Mr. Krisak any other compensatory damages allowable at law, and

*Seven*, grant such other and further relief as is just.

## Jury Demand

Plaintiff, Robert K. Krisak, demands trial by jury on all issues so triable.

Respectfully submitted,

*/s/ William R. Amlong*
WILLIAM R. AMLONG
Florida Bar No: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No: 275565
KAmlong@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

**Attorneys for the plaintiff,
Robert K. Krisak**

\\amlong3\cpshare\CPWin\HISTORY\200316_0001\175B.AC